**Rule 1910.16-2. Support Guidelines. Calculation of Net Income.**

\* \* \*

(b) *Treatment of Public Assistance, SSI Benefits, Social Security Payments to a Child Due to a Parent's Death, Disability or Retirement and Foster Care Payments*.

\* \* \*

[(2)    *Social Security Payments for a Child.*  If a child for whom support is sought is receiving Social Security benefits as a result of a parent's retirement, death or disability, the benefits the child receives shall be added to the combined monthly net incomes of the obligor and the obligee to calculate the income available for support on the vertical axis of the basic child support schedule set forth in Rule 1910.16-3.  The presumptive amount of support as set forth on the schedule at the combined income of the obligee, obligor and child's benefits shall then be reduced by the amount of the child's benefits before apportioning the remaining support obligation between the parties pursuant to Rule 1910.16-4.  This calculation presumes that the primary custodial parent, or the shared custodial parent who is the obligee, is receiving the child's benefits. In cases in which the obligor is receiving the child's benefits, the amount of the child's benefit shall be added to the obligor's income and support shall be calculated as in any other case without deduction of the amount of the benefit from the presumptive amount of support set forth in the basic support schedule. For purposes of determining the support obligation of a surviving parent when the child is receiving benefits as the result of the other parent's death, the income of a non-parent obligee who is caring for a child but has no support obligation to that child shall include only those funds the obligee is receiving on behalf of the child.]

(2)    *Social Security Derivative Benefits for a Child*.

(A)    This subdivision (A) shall be applied if a child for whom support is sought is receiving Social Security derivative benefits as a result of either parent's retirement or disability.

(i)    If a child for whom support is sought is receiving Social Security benefits as a result of a parent's retirement or disability, the amount of the benefit shall be added to the income of the party receiving the benefit on behalf of the child to calculate child support.  Next, apportion the amount of basic child support set forth in the schedule in Rule 1910.16-3 between the parties based upon each party's percentage share of their combined net

monthly income, including the child's benefit in the income of the party receiving it.

(ii) If the child's benefit is being paid to the obligee, the amount of the child's benefit shall be deducted from the basic support obligation of the party whose retirement or disability created the child's benefit. If the child's benefit is being paid to the obligor, the child's benefit shall not be deducted from the obligor's obligation, even if the obligor's retirement or disability created the child's benefit. In cases of equally shared custody, first determine which party has the higher income without the benefit, and thus is the obligor, before adding the child's benefit to the income of the party receiving it.

(iii) In cases in which the obligor is receiving the child's benefits, the domestic relations sections shall provide the parties with two calculations theoretically assigning the benefit to each household.

(iv) In allocating additional expenses pursuant to Rule 1910.16-6, the allocation shall be based upon the parties' incomes before the addition of the child's benefit to the income of the party receiving it.

(B) This subdivision (B) shall be applied when determining the support obligation of a surviving parent when the child for whom support is sought is receiving Social Security derivative benefits as a result of the other parent's death. The income of a non-parent obligee who is caring for a child but has no support obligation to that child shall include only those funds the obligee is receiving on behalf of the child, including the Social Security derivative benefits if they are being paid to the obligee. If the benefits are being paid to the surviving parent, the amount of the benefit shall be added to that parent's income to calculate child support.

* * *

[*Example 1*. If the obligor has net income of $1,200 per month; the obligee has net monthly income of $800; and the child receives Social Security derivative benefits of $300 per month as a result of either the obligor's or obligee's retirement or disability, then the total combined monthly net income is $2,300. Using the schedule at Rule 1910.16-3 for one child, the amount of support is $543 per month. From that amount, subtract the amount the child is receiving in Social Security derivative benefits ($543 minus $300 equals $243). Then, apply the formula at Rule 1910.16-4 to apportion the remaining child support amount of $243 between the obligor and the obligee in proportion to their respective incomes. The obligor's $1,200 net income per month is 60% of the total of the

**obligor's and the obligee's combined net monthly income. Thus, the obligor's support obligation would be 60% of $243, or $146, per month.]**

*Example 1.* **The obligor has net monthly income of $2,000. The obligee's net monthly income is $1,500 and the obligee, as primary custodial parent of the parties' two children, receives $700 per month in Social Security derivative benefits on behalf of the children as a result of the obligor's disability. Add the children's benefit to the obligee's income, which now is $2,200 per month. At the parties' combined net monthly income of $4,200, the amount of basic child support for two children is $1,272. As the obligor's income is 48% of the parties' combined monthly net income, the obligor's preliminary share of the basic support obligation is $611. However, because the obligor's disability created the children's Social Security derivative benefits that the obligee is receiving, the obligor's obligation is reduced by the amount of the benefit, $700. As the amount cannot be less than zero, the obligor's obligation is $0 per month. If it were the obligee's disability that created the benefit, the obligor's obligation would remain $611. If the obligor were receiving the children's benefit as a result of the obligor's retirement or disability, the obligor's income would include the amount of the benefit and total $2,700, or 64% of the parties' combined net monthly income. The obligor's share of the basic support obligation would then be $814 and would not be reduced by the amount of the children's benefit because the obligor, not the obligee, is receiving the benefit. Therefore, the obligor's obligation is less if the obligee is receiving the benefit created by the obligor.**

*Example 2.* Two children live with Grandmother who receives $**[400] 800** per month in Social Security death benefits for the children as a result of their father's death. Grandmother also receives $500 per month from a trust established by Father for the benefit of the children. Grandmother is employed and earns $2,000 net per month. Grandmother seeks support from the children's mother, who earns $1,500 net per month. For purposes of calculating Mother's support obligation, Grandmother's income will be $**[500] 1300**, the amount she receives on behalf of the children **in Social Security derivative benefits and income** from the trust. **(If Mother were receiving the benefit on behalf of the children it would be added to her income such that Mother's income would be $2,300 and Grandmother's would be $500.)** Therefore, the obligee's and **[the obligor's] Grandmother's** combined net monthly incomes total $**[2,000] 2,800**. **[Add to that the $400 in Social Security benefits Grandmother receives for the children to find the basic child support amount in Rule 1910.16-3.]** The basic support amount at the **$[2,400] 2,800** income level for two children is $**[815] 948**. Subtracting from that amount the $**[400] 800** in Social Security derivative benefits Grandmother receives for the children, results in a basic support amount of $**[415] 148**. As Mother's income **of $1,500** is **[75] 54**% of the parties' combined income of **[$2,000] $2,800**, her support obligation to Grandmother is **[$311] $80** per month. **If Grandmother were not receiving the children's derivative benefits or income from**

3

**the trust, her income for purposes of calculating Mother's child support obligation would be zero and Mother would pay 100% of the basic support amount because Grandmother has no support obligation to the children.**

\* \* \*

**Explanatory Comment--2015**

**The rule has been amended to provide that a party's support obligation will be reduced by the amount of a child's Social Security derivative benefit if that party's retirement or disability created the benefit and the benefit is being paid to the household in which the child primarily resides or the obligee in cases of equally shared custody. In most cases, payment of the benefit to the obligee's household will increase the resources available to the child and the parties. The rule is intended to encourage parties to direct that the child's benefits be paid to the obligee.**

\* \* \*

**Rule 1910.16-4. Support Guidelines. Calculation of Support Obligation. Formula.**

(a)     The following formula shall be used to calculate the obligor's share of basic child support, either from the schedule in Rule 1910.16-3 or the formula in Rule 1910.16-3.1(a), as well as spousal support and alimony pendente lite obligations. In high income cases, Part IV shall be used as a preliminary analysis in the calculation of spousal support or alimony pendente lite obligations:

## PART I. BASIC CHILD SUPPORT

| | | OBLIGOR | OBLIGEE |
|---|---|---|---|
| 1. | Total Gross Income Per Pay Period | _____ | _____ |
| 2. | Less Deductions | (_____) | (_____) |
| 3. | Net Income | _____ | _____ |
| 4. | Conversion to Monthly Amount (if pay period is other than monthly) **[Include in the obligor's income the child's monthly Social Security retirement or disability benefit if the obligor is receiving the child's benefit.** | | |

4

**(See Rule 1910.16-2(b)(2)] Include amount of child's monthly Social Security derivative benefit, if any, in the income of the party receiving it pursuant to Rule 1910.16-2(b)(2)(A) or (B).**                    _____   _____

5.      Combined Total Monthly Net Income          _____

**[6.      Plus Child's Monthly Social Security, Death, Retirement or Disability Derivative Benefit, if any.
Do not add child's benefit if included in the obligor's income in line 4. (See Rule 1910.16-2(b)(2))**      + _____

**7.      Adjusted Combined Monthly Net Income**      _____

**8.      PRELIMINARY BASIC CHILD SUPPORT OBLIGATION (determined from schedule at Rule 1910.16-3 based on number of children and line 7 adjusted combined monthly net income)**      _____

**9.      Less Child's Monthly Social Security Derivative Benefit
(Do not deduct the child's benefit if the obligor is receiving the child's benefit.)]**      ( _____ )

**[10] 6.**      BASIC CHILD SUPPORT OBLIGATION **(determined from schedule at Rule 1910.16-3 based on number of children and line 5 combined monthly net income)**      _____

**[11] 7.**      Net Income Expressed as a Percentage Share of Income (divide line 4 by line 5 and multiply by 100)      _____ %      _____ %

**[12] 8.**      Each **[Parent's] Party's Preliminary** Monthly Share of the Basic Child Support Obligation (multiply line **[10] 6** and **[11] 7**)      _____   _____

**9.**      **Subtract Child's Social Security Derivative Disability or Retirement Benefit from the Monthly Share of Basic**

**Child Support of the Party whose Retirement or Disability Created the Child's Benefits if the Benefits are Paid to the Obligee**

**10.** **Each Party's Adjusted Monthly Share of the Basic Child Support Obligation (Not less than 0)**

_PART II.  SUBSTANTIAL OR SHARED PHYSICAL CUSTODY ADJUSTMENT, IF APPLICABLE_ (See subdivision (c) of this rule)

**[13] 11**.　a.　Percentage of Time **[Spent] Obligor Spends** with Children (divide number of overnights with obligor by 365 and multiply by 100)

_____ %

　　b.　Subtract 30%

(_____ %)

　　c.　Obligor's Adjusted Percentage Share of the Basic Monthly Support Obligation (subtract **result of calculation in** line **[13] 11**b from line **[11] 7**)

_____ %

　　d.　Obligor's **Preliminary** Adjusted Share of the Basic Monthly Support Obligation (multiply line **[13] 11**c and line **[10] 6**)

_____

　　e.　Further adjustment, if necessary under subdivision (c)(2) of this rule

_____

　　**f.　Obligor's Adjusted Share of the Basic Child Support Amount.**

_____

_PART III.  ADDITIONAL EXPENSES_ (See Rule 1910.16-6)

**[14] 12**.　a.　Obligor's Share of Child Care Expenses

_____

　　b.　Obligor's Share of Health Insurance Premium (if the obligee is paying the premium)

_____

　　c.　Less Obligee's Share of the Health Insurance Premium (if the obligor is paying

6

the premium)                                              (_____)

    d.  Obligor's Share of Unreimbursed Medical Expenses                                    _____

    e.  Other Additional Expenses                _____

    f.  Total Additional Expenses               _____

**[15] 13**.       OBLIGOR'S TOTAL MONTHLY SUPPORT OBLIGATION (add line **[12] 10** or **[13(d or e)] 11f,** **[(]**if applicable**[)]**, and line **[14] 12**f)                              _____

*PART IV.  SPOUSAL SUPPORT OR APL*

*With Dependent Children*

**[16] 14**.  Obligor's Monthly Net Income (line 4)            _____

**[17] 15.**  Less Obligor's Support, Alimony Pendente Lite or Alimony Obligations, if any, to Children or Former Spouses who are not part of this action (see Rule 1910.16-2(c)(2))                                    (_____)

**[18] 16.**  Less Obligee's Monthly Net Income (line 4)     (_____)

**[19] 17**.  Difference                                    _____

**[20] 18.**  Less Obligor's Total Monthly Child Support Obligation Without Part II Substantial or Shared Custody Adjustment (Obligor's line **[12] 10** plus line **[14] 12**f)             (_____)

**[21] 19.**  Difference                                    _____

**[22] 20.**  Multiply by 30%                            x      .30

**[23] 21.**  AMOUNT OF MONTHLY SPOUSAL SUPPORT OR APL                                    _____

*Without Dependent Children*

**[24] 22.**  Obligor's Monthly Net Income (line 4)            _____

**[25] 23.**  Less Obligor's Support, Alimony Pendente

7

Lite or Alimony Obligations, if any, to Children or Former Spouses who are not part of this action (see Rule 1910.16-2(c)(2))                                              (_____)

**[26] 24**.  Less Obligee's Monthly Net Income (line 4)                    (_____)

**[27] 25.**  Difference                                                                   _____

**[28] 26.**  Multiply by 40%                                          x_____.40

**[29] 27**.  PRELIMINARY AMOUNT OF MONTHLY SPOUSAL SUPPORT OR APL                           _____

**[30] 28.**  Adjustments for Other Expenses (see Rule 1910.16-6)                                          _____

**[31] 29.**  TOTAL AMOUNT OF MONTHLY SPOUSAL SUPPORT OR APL                           _____

* * *

8